```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA
                        ALEXANDRIA DIVISION
```

| | | |
|---|---|---|
| David Webb, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 1:08cv1128 |
| | ) | |
| Peter D. Greenspun, | ) | |
| | ) | |
|     Defendant. | ) | |

## DISMISSAL ORDER

THIS MATTER is before the Court on the Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). A litigant may proceed in any federal court without prepayment of fees if he files an affidavit showing he is indigent. 28 U.S.C. § 1915(a) (2008). However, the Court may dismiss the action if it concludes that "the allegation of poverty is untrue or the action . . . is frivolous or malicious . . . [or] fails to state a claim." 28 U.S.C. § 1915(e)(2) (2008). Upon review of Plaintiff's allegations, the Court dismisses Plaintiff's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses Plaintiff's Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

District courts have a duty to construe pleadings by *pro se* litigants liberally; however, a *pro se* plaintiff must nevertheless allege a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). Whether a complaint states a

claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Mr. Webb's Complaint allegedly arises from an earlier criminal case in which Mr. Greenspun represented Mr. Webb on rape charges. The case ultimately resulted in Mr. Webb's acquittal on July 12, 1994. (Pl. Compl. 3.) Mr. Webb now alleges two (2) separate claims against Mr. Greenspun. First, he alleges that Mr. Greenspun violated his constitutional rights when he requested that the Fairfax County Adult Detention Center hold Mr. Webb for five additional hours following his acquittal to protect Mr. Webb from the alleged rape victim's family. (Pl. Compl. 4.) Second, Mr. Webb alleges intentional/gross negligence on Mr. Greenspun's part because Mr. Greenspun failed to get the rape acquittal expunged from Mr. Webb's record despite a promise that the "charges would be expunged from his record, never to effect him again," and because Mr. Greenspun denied Mr. Webb's request for a trial transcript. (Pl. Compl. 2 and 4.)

Plaintiff's first claim is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because there is no constitutional

2

right to not be temporarily held after an acquittal. Frivolous complaints are those that are based on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915 permits a court to "pierce the wall of the plaintiff's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. The determination of frivolousness is within the discretion of the Court considering the *in forma pauperis* application. *Id.*

The first claim is dismissed because the allegation that Defendant violated Plaintiff's constitutional rights when he asked that Plaintiff be briefly held following his acquittal does not state a legally cognizable claim. The complaint alleges that Mr. Greenspun requested that Mr. Webb be held for a matter of hours for his own protection. Mr. Webb does not have a constitutional right to be released immediately upon pronouncement of acquittal.

The second claim is dismissed because it accrued over fourteen years ago and is therefore barred by the statute of limitations, regardless of the legal theory sued upon. In Virginia, the statute of limitations is two years for personal injury actions regardless of the theory of recovery. VA. CODE ANN. § 8.01-243(A) (2008). "[T]he statute of limitations for legal malpractice actions is the same as those for breach of contract because although legal malpractice actions sound in

tort, it is the contract that gives rise to the duty." *Cox v. Greary*, 271 Va. 141, 153 (2006) (internal citations omitted). The statute of limitations on written contract actions is five years, three years for oral contracts. VA. CODE ANN. § 8.01-246(2) and (4) (2008).

The statute of limitations begins to run at the time that the cause of action accrues. VA. CODE ANN § 8.01-243. An action accrues when the essential elements of a cause of action are present. *Bullion v. Gadaleto*, 872 F.Supp. 303, 305 (W.D. Va. 1995)(citing *Locke v. Johns-Mansville Corp.*, 221 Va. 951, 275 S.E. 2d 900, 904 (Va. 1981)). "The essential elements of a cause of action, whether based on a tortious act or breach of contract, are 1) a legal obligation of a defendant to the plaintiff; 2) a violation or breach of that duty or right; and 3) harm or damage to the plaintiff as a proximate consequence of the violation or breach." *Id*.

Here, Plaintiff's second claim is dismissed because the statute of limitations has run, regardless of whether the claim is based on a tort or contract theory. Plaintiff was acquitted of rape in 1994, over fourteen years ago. Each of the essential elements, legal obligation, violation, and harm, accrued at the time of Plaintiff's acquittal or shortly thereafter. Over a decade later, Plaintiff asks the Court to consider his claims. The statute of limitations exists to prevent stale claims like these from being litigated because they impose an unfair burden

defendants, requiring them to recall antiquated facts and hunt down witnesses that may or may not be available. Thus, the Court finds that Plaintiff's complaint entitled "Complaint for Damages for Civil U.S. Constitutional Violations" fails to state a claim for which relief can be granted.

Therefore, it is hereby

ORDERED that Plaintiff's "Complaint for Damages for Civil U.S. Constitutional Violations" is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). It is further

ORDERED that Plaintiffs' application to proceed *in forma pauperis* is DENIED as moot.

The Clerk is directed to forward a copy of this Order to Plaintiffs.

Entered this 5th day of December, 2008.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
12/5/08